UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

_____
                                                )     Civil Action No. 07-CV-226-CRD
BRENDA M. STILL,                                )
                                                )
            Plaintiff,                          )
                                                )     ORDER RE: SOCIAL SECURITY
        v.                                      )     DISABILITY APPEAL
                                                )
MICHAEL J. ASTRUE,                              )
Commissioner of Social Security,                )
                                                )
                                                )
            Defendant.                          )
_____)


        Plaintiff Brenda M. Still appeals the final decision of the Commissioner of the Social

Security Administration ("Commissioner") which denied her application for Supplemental

Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C.

§ § 401-33, 1381-1383f, after a hearing before an administrative law judge ("ALJ"). For the

reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

        Plaintiff is a forty-two year old female with a tenth-grade education. *See* Administrative

Record ("AR") at 25, 66, 84, 615. Her past work experience includes that of a dishwasher and a

house cleaner. *Id*. at 23.

        Plaintiff first applied for SSI in April, 1998. *Id*. at 28, 66. Her 1998 application was

denied initially on December 1, 1998 (*Id*. at 32) and on reconsideration on June 1, 1999. *Id*. at

37. Plaintiff did not appeal this decision. *Id*. at 37-39.

Plaintiff reapplied for SSI on September 6, 2001. *Id.* at 30, 77. After her 2001 application was denied initially and on reconsideration, she requested a *de novo* ALJ hearing. *Id.* at 40, 45, 48. On August 18, 2003, plaintiff appeared with counsel and testified at an administrative hearing before ALJ Ruperta Alexis. *Id.* at 545. On May 3, 2004, the ALJ determined that plaintiff was not disabled at step five of the five-step sequential evaluation process. *Id.* at 472-73. Plaintiff then requested an Appeals Council review of the ALJ's decision. *Id.* at 478, 490-93.

On February 11, 2005, the Appeals Council remanded the claim to an ALJ for further proceedings. *Id.* at 479-81. A hearing was held on October 5, 2005 and April 2, 2006. *Id.* at 585-90, 591-93. The ALJ again determined that plaintiff is not disabled at step five. On December 20, 2006, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. *Id.* at 4. Plaintiff then initiated this civil action for judicial review of the Commissioner's final decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9ᵗʰ Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9ᵗʰ Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Still bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. § 404.1572.

perform other work, then the claimant is found disabled and benefits may be awarded.

## V. THE ALJ'S FINDINGS

Step One: The ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to her decision. *See* AR at 19, Finding 1.

Step Two: The ALJ found that plaintiff's personality disorder was a medically determinable severe impairment. *Id*. at Finding 2.

Step Three: The ALJ found plaintiff's impairment did not meet or equal the requirements of a listed impairment. *Id*. at 20-21, Finding 3. The ALJ next determined that plaintiff retained a RFC for light work with additional restrictions, including: the ability to sit and to stand for 6 out of 8 hours during the workday; limited to simple repetitive tasks that do not require making decisions on the job; and limited interaction with the public, supervisors, and co-workers. *Id*. at 21, Finding 4.

Step Four: The ALJ found that plaintiff could not perform any past relevant work. *Id*. at 23, Finding 5.

Step Five: The ALJ determined that plaintiff could perform a significant number of other jobs in the national economy. Therefore, the ALJ found that plaintiff was not disabled as defined in the SSA. *Id*. at 25, Finding 10.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1.      Did the ALJ re-open plaintiff's April, 1998 SSI application?

2.      Did the ALJ err in failing to obtain a consultative examination?

3.     Did the ALJ provide legally sufficient reasons for the weight she accorded lay-

witness statements?

## VII. DISCUSSION

A.     *The ALJ did not re-open plaintiff's April, 1998 SSI application.*

Plaintiff's assertion that the ALJ re-opened her April, 1998 application is without merit.

Her argument is based solely on typographical errors in the ALJ's decision and lacks any

evidentiary support in the record. In her decision, the ALJ indicated that she was addressing

plaintiff's application filed on September 6, 1998. AR at 17. However, neither of plaintiff's

applications was filed on September 6, 1998.[2]  It is clear from the record that the ALJ was

addressing only plaintiff's September 6, 2001 application, but misstated the year as 1998 in the

decision. *See, e.g.*, AR 17, 593, 598 and 606. For instance, the ALJ indicated more than once

during the hearing that she was addressing plaintiff's September, 2001 application. *Id*. at 593,

598, 606. In addition, at no prior time did the ALJ, plaintiff or plaintiff's counsel suggest that

plaintiff's 1998 application was at issue. Plaintiff raises this assertion for the first time in her

opening brief to this Court. *See* Def. Brief, at 4.[3]

B.     *The ALJ did not err by failing to obtain a consultative examination.*

Plaintiff asserts that the ALJ committed legal error because she failed to obtain a third

consultative examination regarding plaintiff's mental impairment. *See* Pl. Brief, at 6-8. The

Court disagrees. Plaintiff has not demonstrated that the evidence in the record was so ambiguous

---

[2]Plaintiff's applications were filed on April 6, 1998 and September 6, 2001. AR at 30, 31.

[3]In addition, plaintiff amended her September, 2001 application to state that her disability began on September 6, 2001, thereby rendering her assertion that the ALJ re-opened her 1998 application moot. AR at 17.

or inadequate as to require the ALJ to order an additional consultative examination. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). To the contrary, sufficient evidence existed for the ALJ to reach her decision without the need for further evaluation, including: three examinations performed in 2001 by psychiatrist Kevin Morris (AR at 361-64); a medical examination performed by Dr. David Jarvis in November 2001 (*id*. at 389-94); two medical consultant opinions in January and March, 2002 by Carla van Dam, Ph.D. and Harold Johnston, M.D. (*id*. at 395-412); records from plaintiff's medical health treatment center encompassing September 2002 through April 2005 (*id*. at 526-39); and medical expert testimony from C. Richard Johnson, M.D. at the April, 2006 hearing (*id*. at 611-14).

Here, based on the existing medical records and medical expert testimony, the ALJ concluded that the record contained sufficient information for her to render an informed decision as to the claimant's mental impairment. No more was required of the ALJ. *See Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988) (citing *Ford v. Secretary of Health and Human Services*, 659 F.2d 66, 69 (5th Cir. 1981) (stating that the ALJ is required to order a consultative examination only when such an examination is necessary to enable the ALJ to render a decision). Accordingly, the Court finds that sufficient evidence existed to support the ALJ's decision not to order a third consultative examination.

   C.   *The ALJ's failure to assess the weight she accorded lay-witness statements constitutes harmless error.*

As a final assignment of error, plaintiff argues that the ALJ improperly disregarded the October 2001 statements of her children, Alicia and Brandon. *See* Pl. Brief, at 8. The Court finds that while the ALJ did not assess what weight, if any, she assigned to these lay-witnesses, the

ALJ's failure to do so constitutes harmless error. *Stout v. Commissioner*, 454 F.3d 1050, 1054-56 (9th Cir. 2006). This is because the statements are substantially consistent with the ALJ's RFC determination.

Plaintiff asserts that her children reported she received assistance with household chores and performed them interspersed with rest. Pl. Brief, at 8. Such testimony is consistent with the ALJ's RFC finding which limited plaintiff to light work with the ability to sit or stand during the course of work. AR at 21-22, 616. In addition, as noted by the ALJ, plaintiff reported to her physician that she was an "excellent housekeeper", detailing her daily activities as including "cleaning 'up everything', washing dishes, vacuuming, going to the store, cooking meals, washing laundry on a daily basis." *Id*. at 22-23. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence and is free of harmful legal error.

## VIII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and plaintiff's motion is DENIED.

DATED this 26th day of December, 2007.


s/Carolyn R. Dimmick
_____
Carolyn R. Dimmick
United States District Court Judge